IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTAR TARIQ ROWE,**

      **Plaintiff,**

  vs.

**JP MORGAN CHASE & COMPANY,**

      **Defendant.**

Case No. 2:23-cv-1704
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for a Protective Order (ECF No. 15, as amended by ECF No. 16 and supplemented by ECF No. 18), Plaintiff's Response (ECF No. 19), and Defendant's Reply (ECF No. 20). For the following reasons, the Court **GRANTS** Defendant's Motion for a Protective Order and **STAYS** discovery in this matter pending a ruling on Defendant's Motion to Compel Arbitration and Stay Proceedings filed on May 30, 2023.

**I.**

Plaintiff Antar Rowe, proceeding here *pro se*, originally filed this case in the Franklin County Court of Common Pleas asserting claims arising from his employment with Defendant. (Complaint, ECF No. 3.) On May 22, 2023, Defendant JP Morgan Chase Bank, N.A.[1] removed the action to this Court, asserting both this Court's diversity and federal question jurisdiction. (ECF No. 1.) On May 30, 2023, Defendant filed a Motion to Compel Arbitration and Stay Proceedings (the "Motion to Compel"), generally arguing that Plaintiff entered into an agreement to arbitrate any and all disputes he may have with Defendant, including the claims raised in this

---

[1] Plaintiff identified Defendant as JP Morgan Chase & Company in his Complaint.

case. (ECF No. 5.) The Motion to Compel has been fully briefed and will be decided by separate order.

On August 14, 2023, Defendant filed its current motion, citing Plaintiff's discovery requests emailed on July 17, 2023, including:

(1) All emails exchanged between Molly Harr and Jay Parsons, Molly Harr and George Gitson, and Molly Harr and Tanmay Bhatt between June 1, 2022 and December 31, 2022;

(2) Any emails exchanged between Molly Harr and any other leader within Digital Channels regarding Plaintiff's employment between June 1, 2022 and December 31, 2022;

(3) Any Skype conversations or electronic communications of the same (re: Request Nos. 1-2); and

(4) Any and all emails and communications exchanged between Molly Harr and Andrew Kramer between June 1, 2022 and December 31, 2022.

(ECF Nos. 15, 16.) In its motion, Defendant generally argues that, if its Motion to Compel is granted, its discovery obligations in this Court will be stayed. Thus, in Defendant's view, it would be a waste of "time, effort and money for all involved and would not be an efficient use of judicial resources" for discovery to proceed at this point. (*Id.* at 4.)

Plaintiff opposes Defendant's request, arguing that Defendant's Motion to Compel is "an Obstruction of Justice" and that granting Defendant's current motion "would limit Plaintiff's access to discoverable information" and "bar [him] from discovering information that can be used to establish fraud and violations of the U.S. Criminal Code." (ECF No. 19.) In Reply, Defendant asserts that Plaintiff's response highlights the need for a discovery stay and cites Plaintiff's failure to offer any concrete opposition to its request. (ECF No. 20.)

During a conference with the parties on August 18, 2023, the Court entered a temporary stay of discovery pending a ruling on Defendant's Motion for a Protective Order.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.' " *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).

The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55). In deciding whether to grant a stay, courts commonly consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Hubbell v. NCR Corp.*, No. 2:17-CV-807, 2018 WL 1638882, at *1 (S.D. Ohio Apr. 5, 2018) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens,* 2010 WL 3719245, at *2 (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D.

Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion).  Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."  *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Here, the Court finds that Defendant has demonstrated good cause for a protective order granting a stay of discovery pending resolution of the Motion to Compel.  As this Court has previously observed:

> Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). Should [the d]efendant prevail in compelling arbitration, it will be protected from the expense of litigation in this Court. "The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The burden of litigation includes not just time and financial resources, but also the possible disclosure of sensitive information.
>
>> [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information

4

> that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

*Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011). This is particularly true when . . . the federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration.

*Little v. Midland Credit Mgmt., Inc.*, No. 2:19-CV-5419, 2020 WL 4745191, at *2-3 (S.D. Ohio Aug. 17, 2020) (citing *Hubbell v. NCR Corp.*, No. 2:17-cv-807, 2018 WL 1638882, at *1–2 (S.D. Ohio Apr. 5, 2018); *Danley v. Encore Capital Grp., Inc.*, No. 15-11535, 2016 WL 8115421, at *2 (E.D. Mich. Apr. 20, 2016) (staying discovery pending resolution of a motion to compel arbitration on the basis that the "benefit of this discovery will outweigh its burden only if defendants' motion to compel arbitration is denied")).

Against this backdrop, Defendant has met its burden of showing that it is entitled to a stay of discovery. A continued stay would simplify the issues in this case and reduce the burden of litigation on the parties and the Court. Indeed, a further stay will ensure that the only issue before the Court is whether Plaintiff's claims will proceed in federal court. This threshold question is not one which requires additional discovery to answer. It does not serve the parties' or the Court's best interests to inject discovery issues into the case at this point. Further, although Plaintiff's desire for expediency is apparent, this case is in its earliest stages and the Court can conceive of no undue prejudice or tactical disadvantage Plaintiff will suffer from a continued temporary stay at this juncture. Plaintiff will be entitled to discovery at some point – either in this Court under the Federal Rules of Civil Procedure or, in the context of an arbitration proceeding, under the Employment Arbitration Rules of the American Arbitration Association. Thus, there is "little downside to waiting on a decision that will confirm the proper scope and rules applicable to such discovery." *Little*, 2020 WL 4745191, at *3. Accordingly, the Court

concludes that Defendant has demonstrated that a further stay of discovery is justified here, pending resolution of the Motion to Compel.

## IV.

For the foregoing reasons, the Court finds that Defendant has carried its burden to show that a stay of discovery is appropriate under the circumstances of this case. Accordingly, Defendant's Motion for a Protective Order is hereby **GRANTED**. (ECF No. 15 as amended by ECF No. 16 and supplemented by ECF No. 18.) All discovery shall continue to be **STAYED** pending resolution of Defendant's Motion to Compel Arbitration and Stay Proceedings, ECF No. 5.

In the event the Court denies the Motion to Compel, the Court will set a status conference by separate order to set a revised discovery schedule.

**IT IS SO ORDERED.**

Date: August 31, 2023

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE