UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTAR ROWE,

            Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

            Defendant.

**Case No. 2:23-cv-1704**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

---

ANTAR ROWE,

            Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

            Defendant.

**Case No. 2:23-cv-3703**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## ORDER

This matter is before the Court on several pending motions filed by Plaintiff Antar Rowe after judgment was entered in his consolidated cases. The Court provides brief background, and then addresses the motions in the order in which they were filed.

### I. BACKGROUND

In January of 2024, this Court issued an Opinion and Order granting Defendant JP Morgan Chase Bank, N.A.'s Motion to Compel Arbitration and ordering the parties to proceed to arbitration. (ECF No. 29, PageID 445.) The Court also directed the Clerk to enter judgment dismissing both of Mr. Rowe's cases without prejudice. (*Id.*) Judgment was entered (ECF No. 30), and Mr. Rowe filed a Notice of Appeal the same day (ECF No. 31).

## II. MOTION TO STAY

A few days later, Mr. Rowe filed a "Motion to Stay ORDER to proceed to Arbitration Pending the resolution of Appeal," citing Federal Rule of Appellate Procedure 8(a)(1)(A). (ECF No. 33.)

Rule 8(a)(1)(A) states that "[a] party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). Courts consider four factors when evaluating a motion to stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Serv. Emps Int'l Union Loc. 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

Mr. Rowe does not argue these factors in his Motion to Stay. (ECF No. 33.) Nevertheless, the Court has analyzed the factors and concludes Mr. Rowe is not entitled to a stay. Mr. Rowe's likelihood of success on the merits is low. As the Court has explained, general principles of contract law are used to determine the validity of an arbitration agreement. (ECF No. 29, PageID 442–43) (citing *Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996)). Mr. Rowe's signature on his employment offer and the arbitration clause, along with his continued employment at JPMorgan, created a valid and binding arbitration agreement. (*Id.*)

Additionally, Mr. Rowe articulates no irreparable harm that he will suffer absent a stay. The third and fourth factors are neutral—others and the public are unaffected by the outcome of Mr. Rowe's Motion to Stay.

Mr. Rowe's Motion to Stay is **DENIED.** (ECF No. 33.)

### III.     MOTIONS TO PROCEED *IN FORMA PAUPERIS*

Mr. Rowe also filed a First Motion for Leave to Appeal *in forma pauperis* (ECF No. 34) and First Motion to Amend/Correct First Motion for Leave to Appeal *in forma pauperis* (ECF No. 35). A Second Motion for Leave to Appeal *in forma pauperis* is attached to Mr. Rowe's Motion to Amend/Correct. (ECF Nos. 35, 35-1.) While there is no discernable material difference between Mr. Rowe's First Motion for Leave to Appeal *in forma pauperis* and Second Motion for Leave to Appeal *in forma pauperis*, the Court **GRANTS** Mr. Rowe's request to amend/correct and considers his Second Motion for Leave to Appeal *in forma pauperis* as the operative motion. (ECF No. 35.)

Under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), a litigant may apply to appeal without prepayment of filing fees if the litigant demonstrates by affidavit their inability to pay.[1] *See* Fed. R. App. P. 24(a)(1). In *Adkins v. E.I. DuPont de Nemours & Co*, the Supreme Court advised that one need not "be absolutely destitute to enjoy the benefit of the statute," and that no individual is required "to contribute to payment of costs, the last dollar they have or can get." 335 U.S. 331, 339 (1948). An affidavit is sufficient if it shows that the affiant cannot pay the fee and still provide the necessities of life because of his or her poverty. *Id.*

And when a court considers an application to proceed *in forma pauperis*, it generally reviews an applicant's employment, annual income, and expenses, and any other property or assets the individual possesses. *Mitchell v. Comm'r of Soc. Sec.*, No. 2:21-CV-484, 2021 WL

---

[1] Despite the reference to "such prisoner possess" in Section 1915(a)(1), the statute applies generally to all indigent litigants. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997) (concluding "that a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses'"); *see Hayes v. United States*, 71 Fed. Cl. 366, 366 (2006).

388766, at *1 (S.D. Ohio Feb. 4, 2021), *report and recommendation adopted,* No. 2:21-CV-484, 2021 WL 718921 (S.D. Ohio Feb. 24, 2021).

The information set forth in Mr. Rowe's application does not demonstrate an inability to pay the appellate filing fee. Mr. Rowe reports that his average monthly income during the past 12 months is $2,464, consisting of gifts, retirement funds, and unemployment payment. (ECF No. 35-1, PageID 468.) He has $550 in a checking account. (*Id.* PageID 469.) But before that, from October 4, 2015 until January 14, 2023, Mr. Rowe's reports that his gross monthly pay was $10,791.667. (*Id.*) So he was making close to $130,000 per year.

Mr. Rowe also states he lives in a home valued at $324,500 and has two motor vehicles—one valued at $16,000 and the other at $5,000. (*Id.* PageID 469–70.) He reports his total monthly expenses at $3,059, which includes his mortgage, utilities, food, laundry and dry-cleaning, transportation, motor vehicle insurance, and motor vehicle payments. (*Id.* PageID 470–71.) His monthly expenses exceed his current average monthly income. Although Mr. Rowe is currently unemployed, he states he is "pursuing employment opportunities and expects to be re-employed at some point." (*Id.* PageID 472.)

Collectively considering this information, the Court cannot conclude Mr. Rowe has shown that paying the $600 appellate filing fee will create an undue hardship. Prior to his current unemployment, Mr. Rowe was earning a substantial salary for more than seven years. His Second Motion for Leave to Appeal *in forma pauperis* is **DENIED.** (ECF No. 35.)

IV. **CONCLUSION**

Accordingly, Mr. Rowe's Motion to Stay is **DENIED.** (ECF No. 33.)

Mr. Rowe's filing at ECF No. 35 is **GRANTED in part** and **DENIED in part.** Mr. Rowe's filing is **GRANTED** in that it requests to amend/correct his First Motion for Leave to

Appeal *in forma pauperis*. Mr. Rowe's Second Motion for Leave to Appeal *in forma pauperis* is **DENIED.**

Mr. Rowe's First Motion for Leave to Appeal *in forma pauperis* is **DENIED as moot.** (ECF No. 34.)

**IT IS SO ORDERED.**

<u>**3/25/2024**</u>                               <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                          **UNITED STATES DISTRICT JUDGE**